CITY OF WILMINGTON, APPELLANT, *v.* BUCKLEY, APPELLEE, ET AL.

(No. 160—Decided January 26, 1949.)

Mr. C. *Luther Swaim,* for appellant.
*Messrs. Smith & Kirk,* for appellee.
*Messrs. Meyer, Johnson & Kincaid,* for The Pennsylvania, Ohio & Detroit Railroad Company and The Pennsylvania Railroad Company.

By THE COURT. This action was instituted by the plaintiff, acting through its duly qualified solicitor. His authority to do so is questioned.

By Section 4311, General Code, it is made the duty of the solicitor to apply in the name of the municipal corporation to a court of competent jurisdiction for an injunction to prevent any abuse of corporate power. All the cases construing this section hold that it is remedial in its nature, and should be given a liberal construction. The cause or causes of action allege an appropriation to private use of a portion of a public street by and with the consent and approval of the municipal officials. Such use of public property would be unauthorized and no municipal officer or officers would have power to sanction it.

We are of the opinion that the action was duly instituted by the plaintiff acting through its solicitor.

This is an appeal on questions of law and fact and has been heard and will be decided *de novo* by this court. The evidence which was introduced in the Common Pleas Court was, by agreement, considered as evidence in this court and this was supplemented by other evidence.

Stripped of all nonessentials, the plaintiff's claim is that the defendant was, until restrained, building a structure within the limits of East Main street, at its intersection with the north terminus of Grant street. While admitting that he was erecting a building at the designated place, the defendant Buckley denies that the place is a part of the street. In addition to that

denial, such defendant pleads adverse possession of the premises for more than 21 years, during which time he has built permanent, substantial, and expensive structures upon a part of the premises. The reply contained a denial of the allegations relating to adverse possession.

There is no dispute that for more than 40 years the defendant Buckley has maintained a large building, used as an elevator, to which he was making an addition on the east side. So far as appears in the evidence there never was any building upon the site of this addition. The whole dispute between the parties is as to the exact location of the south line of East Main street at that point. The defendant claims that the north wall of the elevator building coincides with the south line of the street, and that as the proposed addition is four feet south of that line it is well without the street lines.

An unusual amount of research has been made to ascertain the inception and course of the state highway extending from the city of Columbus to the city of Cincinnati through the city of Wilmington. The purpose, of course, was to show that the defendant's structure encroached upon it. We have analyzed this evidence to the best of our ability and have found it impossible to do more than guess as to the course of the state highway through the city of Wilmington. There is as much, and perhaps more, reason to believe from the evidence that the state highway joined Locust street as that it joined Main street. But assuming that it did join Main street, and that it was 66 feet wide, its course to the east of the original corporate line of Wilmington is left in complete uncertainty.

The evidence develops no datum admitted or established from which a surveyor could start in running

the lines of the state highway as originally established or as later modified. Plaintiff's counsel has attempted to run the center line by assuming that the state highway entered Wilmington on Main street and that the lines were a perfect juncture at that point. It is seen, however, from the testimony of the plaintiff's engineer that when it is attempted to run the course of the highway at the vital point in this case, it can only be done on data not established by the evidence and in most instances on assumptions directly contrary to the evidence.

We find that immediately on leaving the east end of the original Main street, we are confronted with alternatives that would materially affect the subsequent course of the surveyor. The evidence produces confusion as to the point where the first departure from a straight course is located. At one place it is said to be 12 rods and at another it is said to be 6 rods. A very different course would be produced by starting at 6 rods than from 12 rods from the end of Main street. In other places in the evidence, still another place is indicated as the point of deviation from the straight course.

By maps, surveys, and deeds the plaintiff brought before the court the geography—past and present—of the eastern portion of the city of Wilmington and some territory lying to the east thereof in an effort to establish data from which a surveyor could establish the course and limits of the original highway. And picking some data from this mass of testimony and disregarding other data, a surveyor has traced its course. On cross-examination, this witness was asked whether it was possible to relocate the original highway and he answered "I do not think that would be possible." This witness testified that not a single monument referred to in any of the deeds, surveys or

plats was discovered and used in charting the courses and distances that he gave in preparing a description for the re-establishment of the original highway as altered.

We find so many contradictions in the various documents as to courses and distances that the only effect produced is one of bafflement. The mind is not inclined to any certain course. The only conclusion that we can reach is that Main street as now used is the one sure anchor, and that it should determine the public and private rights.

The evidence introduced in the Common Pleas Court failed to convince Judge Clevenger that the defendant Buckley's structure was within the limits of Main street. The expanded evidence that was introduced in this court has no greater probative value.

The burden of proof is upon the plaintiff. We find that it has failed to sustain it.

For these reasons, the court finds in favor of the defendant Buckley.

*Judgment for appellee.*

MATTHEWS, P. J., ROSS and HILDEBRANT, JJ., concur.